Jeffrey L. Mendelman (SBN 305629)
CASE LAW LTD.
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (833) 227-3583
Fax Number: (415) 520-5405
Email: admin@caselawltd.com

Attorney for Plaintiff JOHN DOE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No.: 3:20-cv-06822 |
| Plaintiff, | **NOTICE AND MOTION REQUESTING LEAVE TO PROCEED IN THIS MATTER UNDER A PSEUDONYM** |
| vs. | |
| BORDERLAND BEAT, BLOGGER.COM, GOOGLE LLC, EL SIGLO DE TORREON, NOVENTA GRADOS, CODIGO ROJO NOTICIAS, INFOBAE, EL MANANA, REPORTE NIVEL UNO, OMNIA, VALOR TAMAULIPECO, REFORMA, EL NORTE, NOTICIAS PV NAYARIT, VANGUARDIA, and ROES 1-50, inclusive, | (*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)) |
| Defendants. | |

**MOTION**

Plaintiff John Doe, by and through his attorney, hereby moves for leave to proceed under a pseudonym in the above-captioned matter. Plaintiff asks that the Court allow him to proceed under a pseudonym, prohibit Defendants from disclosing Plaintiff's identity to any third party unless such disclosure is necessary to defend against this action (and if so with a

protective order), and require any party that publicly files a document identifying Plaintiff to redact all personal identifying information in accordance with Fed. R. Civ. P. 5.2.

This motion is made on the grounds set forth in the accompanying Memorandum of Points and Authorities, all pleadings and papers filed in this action, the argument of counsel, and further evidence as the Court may consider.

Dated: October 3, 2020.              Respectfully submitted,
                                     CASE LAW LTD.

                                     __/s/ Jeffrey L. Mendelman____
                                     JEFFREY L. MENDELMAN
                                     Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

As set forth in the complaint, this action arises out of a breach of privacy that is *ongoing*. Defendant newspapers continue to publish online protected information such as, without limitation, John Doe's residence and medical information, despite actual notice that the source of such information has been permanently sealed by a court of competent jurisdiction. Plaintiff asks that he be permitted to proceed under a pseudonym to mitigate his damages, not draw greater attention to the private information currently being re-published on the internet on a daily basis, nor run the risk that Defendants publish additional articles based on the litigation disclosing his identity in retaliation for exercising his right to petition given that Defendants have demonstrated they will continue to publish private information after actual notice that such has been sealed.

## ARGUMENT

The Ninth Circuit has held as follows regarding proceeding under a pseudonym:

> We join our sister circuits and hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We further hold that in cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, *see Southern Methodist Univ.*, 599 F.2d at 713; (2) the reasonableness of the anonymous party's fears, *see Stegall*, 653 F.2d at 186; and (3) the anonymous party's vulnerability to such retaliation, *see id.* (discussing vulnerability of child plaintiffs); *Doe II*, 655 F.2d at 922 n.1 (recognizing enhanced risks to long-term prison inmate). The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice. *See James*, 6 F.3d at 240-41 (evaluating defendants' assertions that plaintiffs' use of pseudonyms would prejudice the jury against the defendants and would impair defendant's ability to impeach plaintiffs' credibility). Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *See Stegall*, 653 F.2d at 185 (recognizing that 'party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.'). We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses. In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case. It may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit.

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000). "A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. The most compelling situations involve matters which are highly sensitive, such as social stigmatization, **real danger of physical harm**, or **where the injury**

**litigated against would occur as a result of the disclosure of the plaintiff's identity**."
*Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D.Cal. 1981) (bold added).

      Here, each factor weighs in favor of anonymity. First, this is a breach of privacy action. In order to litigate the continued publication of Mr. Doe's extremely private information (residence, medical information), he should not be forced to bring additional attention to it by disclosing his identity. To rule otherwise would chill Mr. Doe's right to petition to protect his privacy. Furthermore, Plaintiff is reasonably concerned, given Defendants' failure to de-publish private information after actual notice of its illegality, that if Plaintiff's identity is disclosed in public filings, Defendants will retaliate by publishing additional articles about the litigation, further harming Plaintiff. Second, Mr. Doe has several enemies who may use the private information to track him down and hurt him. Indeed, Mr. Doe has had to hire private security to maintain a sense of security due to Defendants' publications. Third, Mr. Doe is vulnerable to such an attack for reasons that cannot be disclosed in a public filing, but should the Court require more can be filed under seal. Fourth, the Defendants are not prejudiced as Plaintiff has already put them on notice of what the matter pertains to in pre-filing correspondence as well as Plaintiff has no objection to a protective order such that his identity can be revealed to the attorney's representing the various Defendant entities. *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F.Supp.3d 990, 995 (N.D. Cal. 2015) (finding no prejudice where "The present plaintiffs have given SFBC their real names (under the confidentiality terms of the protective order entered in this case)."); *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008) ("the prejudice that defendants would face if John were permitted to proceed anonymously is significantly lesser, and largely amenable to mitigation. Defendants are already cognizant

of John's true identity, and discovery has been proceeding."). Thus, because Plaintiff will be prejudiced by disclosing his identity and Defendants are not prejudiced by maintaining Plaintiff's anonymity, the Court should grant leave to proceed in this matter under a pseudonym.

## CONCLUSION

For all the foregoing reasons, the Court should grant this Motion and allow Plaintiff to proceed under a pseudonym, prohibit Defendants from disclosing Plaintiff's identity to any third party unless such disclosure is necessary to defend against this action (and if so with a protective order), and require any party that publicly files a document identifying Plaintiff to redact all personal identifying information in accordance with Fed. R. Civ. P. 5.2.

Dated: October 3, 2020.                     Respectfully submitted,
                                            CASE LAW LTD.

                                             __/s/ Jeffrey L. Mendelman__
                                             JEFFREY L. MENDELMAN
                                             Attorney for Plaintiff