Jeffrey L. Mendelman (SBN 305629)
CASE LAW LTD.
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (833) 227-3583
Fax Number: (415) 520-5405
Email: admin@caselawltd.com

Attorney for Plaintiff JOHN DOE

Joshua Koltun, Attorney (SBN 173040)
1 Sansome St. Ste. 3500, No. 500
San Francisco, CA 94104
Phone: (415) 680-3410
Facsimile: (866) 462-5959
Email: joshua@koltunattorney.com

Attorney for Defendant ROE 1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> vs. <br><br> BORDERLAND BEAT, EL SIGLO DE TORREON, NOVENTA GRADOS, CODIGO ROJO NOTICIAS, INFOBAE, EL MANANA, REPORTE NIVEL UNO, OMNIA, VALOR TAMAULIPECO, REFORMA, EL NORTE, NOTICIAS PV NAYARIT, VANGUARDIA, and ROES 1-50, inclusive, <br><br> Defendants. | Case No.: 4:20-cv-06822-JD <br><br> **JOINT RULE 26(f) REPORT** <br><br> Date: TBD <br> Time: TBD <br> Hon. Judge James Donato |

Plaintiff Doe and Defendant Roe 1 ("Roe") hereby make the following joint report under Federal Rule 26(f):

1. **Jurisdiction and Service**: Plaintiff asserts subject matter jurisdiction under 18 USC §2724 (the Drivers Privacy Protection Act, hereinafter "DPPA") for the first cause of action and 28 USC § 1331 over the remaining causes of action.  In addition to pendent jurisdiction, Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332, however, such was errantly omitted from the complaint. Plaintiff may move to amend to include such should the need arise. Plaintiff has dismissed Google, Inc. as a defendant.  Defendant Roe 1 has waived service and appeared.   Plaintiff must serve additional defendants through the Hague Convention, which he has been advised typically takes 4 to 6 months and due to the Covid-19 pandemic may take longer, as waiver of service has not been successful. Plaintiff also must serve an out of state defendant, as waiver of service has not been successful. Plaintiff proposes to serve all defendants by September 5, 2021.

Defendant Roe 1 ("Roe") does not dispute subject matter jurisdiction.

2. **Facts.**  The following facts are not in dispute except where indicated:

Doe is an individual now residing in this judicial district.  Borderland Beat, named as a defendant, is a blog that reports on the activities of Mexican drug cartels.  It does not have any corporate entity.  Persons who post articles on the blog do so anonymously using pseudonyms.  Defendant Roe 1 is a person that has some administrative rights concerning the blog.  The remaining named defendants are Spanish-language newspapers published outside the United States.

In August 2019, Doe, acting *pro se* filed a document in a federal court (not this Court), which document was placed in the public docket of that court.  In April 2020, Doe

- 1 -

was released from federal prison.  In June 2020, the named defendants (other than Borderland Beat), all published articles (including on the internet) concerning Doe, which articles, among other things, included information that was contained in the document that Doe had filed in court.  Shortly thereafter, Borderland Beat published an article that summarized, in English, the information in the Spanish-language newspapers.  In addition, the Borderland Beat article contained an image of Doe's driver's license, which was cut-and-pasted from an article that defendant *El Norte* had published.  The Borderland Beat article attributed its information to the named Defendants.  The article was posted by a person using the pseudonym "MX," who also credited "TY 'lechef'" as an author.

The image is of Doe's driver's license issued in 1990, which expired in 1994.  There is no contention that the address listed on that driver's license is his current address.

In July 2020, Doe's counsel (Mendelman) moved to represent Doe, and moved to seal the document that Doe had filed in the public docket.  In late July 2020, the court issued an Order sealing the document, which order is itself under seal, as is Doe's request to seal.  Doe contends that he thereafter gave "actual or constructive notice" to the defendant newspapers of the sealing of the document.  Roe 1 has no knowledge of that, and it is not contended that Mendelman gave such notice to Borderland Beat.   Doe did not give Borderland Beat such notice because, at the time, Borderland Beat had already removed certain information in response to a complaint that Doe had made to the Borderland Beat's internet service provider.

    3.    **Legal Issues.**

A. ***Immunity under 47 USC 230*** ("Section 230").  Roe contends that she is immunized against liability under Section 230 because she is not the person who posted or authored the article in question on Borderland Beat.

Doe contends that Section 230 does not protect Roe because the DPPA is a "specific" statute and therefore is an exception to section 230.

B.     ***Legal Effect of Sealed Document.***  Doe contends that, once a party has actual or constructive knowledge that a document has been sealed by a court of competent jurisdiction, that party may not publish information derived from that document, even if that information was previously public.

Roe contends that, to the contrary, an order by a court sealing a document is merely an instruction to the clerk not to make the document available to the public.  It does not have the effect of an injunction barring the publication of any information, and certainly does not have that effect with respect to information that has already been released to the public.  Assuming arguendo that a court asserted such power, it would violate the First Amendment.

C.     ***Drivers' Privacy Protection Act*** **("DPPA").**  Plaintiff contends that the Drivers' License is a "motor vehicle record" under the terms of the DPPA, and that each publication thereof is a violation of the DPPA, and that he is entitled to punitive damages.  It is irrelevant to the punitive damages claims where El Norte or where MX/Borderland Beat obtained the drivers license, or whether the information on the license is current.

Roe contends that (i) that a driver's license is not a "motor vehicle record" under the DPPA, (ii) a person cannot be liable for publishing information under the DPPA unless the person knowingly obtained that information from the DMV, (iii) in any event, a person cannot be liable under the DPPA for publishing an image of a 30 year-old drivers license,

and (iv) if the foregoing were sufficient to create liability under the DPPA, that interpretation would violate the First Amendment.

    C.    *Negligence,*  Doe alleges that the publication of the address on Doe's driver's license constituted negligence and negligence *per se,* which Roe denies.

    D.    *Negligent/Intentional Infliction of Emotional Distress.*  Doe alleges that Roe's conduct constituted negligent or intentional infliction of emotional distress, which Roe denies.

    4.    **Motions:**   Doe filed an *ex parte* motion to proceed under pseudonym, which was granted (DE 6).   Roe anticipates filing a motion to vacate, modify, or clarify that order. Roe anticipates filing motions for judgment on the pleadings or other early dispositive motions.

    5.    **Amendment of Pleadings**.   Doe has not named Roe (or any defendant associated with Borderland Beat) in the fourth cause of action, but reserves the right to amend the complaint to allege that Roe violated his right to privacy.   The reason Doe did not name Roe in the Fourth Cause of Action is that, at the time the Complaint was filed, the article in question had been taken down.  Roe wishes to republish that article in some form, and reserves the right to bring a counterclaim for declaratory relief to determine her right to publish certain information, if that issue is not otherwise resolved by the parties or the Court.

    6.    **Evidence Preservation.**  On January 14, 2021, the parties met and conferred regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties reviewed the Guidelines Relating to the

Discovery of Electronically Stored Information ("ESI Guidelines"). Neither party anticipates extensive or burdensome ESI in this matter.

7. **Disclosures.** The parties have made their initial disclosures under Fed. R. Civ. P. 26. The documents at issue are primarily copies of the articles published by the various defendants. Doe claims damages in the form of attorney fees and litigation costs under 18 USC 2724(b)(3) of $20,000; punitive damages under 18 U.S.C. 2724(b)(2) of $100,000' actual damages under 18 USC 2724(b)(1) of $25,000 and pain and suffering, emotional distress, fear, terror, anxiety, humiliation, a loss of sense of security, dignity, pride, and invasion of privacy of $100,000.

8. **Discovery.** Doe intends to seek discovery on the manner in which the driver's license article was published, and will need to depose "MX", Roe 1 and "TY Lechef," but is open to stipulating that such individuals may keep their identities private and that such depositions could be protected via a protective order.

In the event that Doe's case is not dismissed on motion, Roe intends to seek discovery on Doe's claimed damages. In the event that Doe seeks discovery of Roe's identity or that of any of the persons associated with Borderland Beat, Roe anticipates seeking to quash such discovery.

The parties do not anticipate extensive e-discovery and will meet and confer regarding the format of retrieving any electronically stored information.

9. **Class Actions:** N.A.

10. **Related Cases**: N.A.

11. **Relief**: See Doe's damages calculations (paragraph 7 above) and Roe's potential action for declaratory relief (paragraph 5 above).

12. **Settlement and ADR**:  The parties have stipulated to mediation.

13. **Consent to Magistrate Judge For All Purposes**:  All parties have not consented.

14. **Other References:**  No.

15. **Narrowing of Issues:**  The parties have met and conferred in an effort to narrow legal and factual issues, which efforts have led to the stipulated facts set forth in paragraph 2 and the framing of the issues in paragraph 3 above.  Roe anticipates presenting by early motion an opportunity for this court to adjudicate the legal issues in this case.

16. **Expedited Trial Procedure**:  The parties do not request this procedure.

17. **Scheduling**:  The parties stipulate to the following dates:

Doe is requesting an extended schedule to serve given the foreign defendants and the delays in service through the Hague Convention. Based on this representation, Roe 1 does not oppose this schedule.

| | |
|---|---|
| Deadline to Serve All Defendants/Amend Pleadings/Add Parties | September 9, 2021 |
| Fact Discovery Cutoff | February 7, 2022 |
| Expert Reports | March 7, 2022 |
| Rebuttal Expert Reports | April 11, 2022 |
| Expert Discovery Cutoff | May 12, 2022 |
| Non-dispositive Motion Cutoff (last day for motion to be heard, subject to court's availability) | June 9, 2022 |
| Dispositive Motion Cutoff (last day for motion to be heard, subject to court's availability) | August 11, 2022 |
| Pretrial Materials Due | March 2, 2023 |
| Final Pretrial Conference | March 16, 2023 |
| Deposition and Discovery Designations Due | March 30, 2023 |
| Trial | April 3, 2023 |

18. **Trial**:  Jury trial has been demanded.  Doe expects the trial to take four days.  Doe expects the trial to take two days.

19. **Disclosure of Non-party Interested Entities or Persons**:

Doe filed his certificate of no interested parties pursuant to Civil L.R. 3-15 on January 13, 2021.

Roe has disclosed that other than the parties, there is no such interest to report. Insofar as Civil LR 3-15 might be construed to require Roe to automatically disclose her identity or that of any of the persons who have posted on Borderland Beat at this stage of the proceedings, Roe objects that the rule violates Roe's right to anonymous speech and association under the First Amendement, and that of the other anonymous contributors to Borderland Beat.

20. **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other Matters.** N.A.

Dated: January 19, 2021.                                  Respectfully submitted,
                                                          CASE LAW LTD.

                                                           /s/ Jeffrey L. Mendelman
                                                          JEFFREY L. MENDELMAN
                                                          Attorney for Plaintiff

Dated: January 19, 2021.                                  Respectfully submitted,

                                                           /s/ Joshua Koltun
                                                          JOSHUA KOLTUN
                                                          Attorney for Defendant Roe 1

**ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)**

Pursuant to Civil L.R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: January 19, 2021           By: /s/ Jeffrey L. Mendelman
                                      Jeffrey L. Mendelman