Jeffrey L. Mendelman (SBN 305629)
CASE LAW LTD.
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (833) 227-3583
Fax Number: (415) 520-5405
Email: admin@caselawltd.com

Attorney for Plaintiff JOHN DOE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BORDERLAND BEAT, EL SIGLO DE TORREON, NOVENTA GRADOS, CODIGO ROJO NOTICIAS, INFOBAE, EL MANANA, REPORTE NIVEL UNO, OMNIA, VALOR TAMAULIPECO, REFORMA, EL NORTE, NOTICIAS PV NAYARIT, VANGUARDIA, and ROES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 3:20-cv-06822-JD<br><br>**REQUEST FOR DISMISSAL PURSUANT TO RULE 42(a)(2) & DECLARATION OF PLAINTIFF'S COUNSEL PURSUANT TO CIV. L.-R. 79-5(e)(1); PROPOSED ORDER** |

I, Jeffrey L. Mendelman, hereby declare as follows:

1. I am Plaintiff John Doe's attorney of record in the above action.

- 1 -
REQUEST FOR DISMISSAL PURSUANT TO RULE 41(a)(2) & DECLARATION OF PLAINTIFF'S COUNSEL PURSUANT TO CIV. L.R. 79-5(e)(1); PROPOSED ORDER

2. Without any meet and confer regarding her administrative motion in violation of Civil Local Rule 7-11(a), which is incorporated in Civil Local Rule 79-5(d)(1), Defendant Roe 1 seeks to violate this Court's "Order Re: Leave To Proceed In This Matter Under A Pseudonym" by unmasking Plaintiff John Doe in her motion for judgment on the pleadings, motion to vacate order re leave to proceed under pseudonym, special motion to strike (Anti-SLAPP motion), Declaration of Roe, and Declaration of Joshua Koltun and the exhibits attached to those declarations. See Dkt. 6 & Dkt. 26.

3. Rather than file a noticed motion to vacate this Court's "Order Re: Leave To Proceed In This Matter Under A Pseudonym," Defendant Roe 1 misplaces reliance on Civil Local Rule 79-5(e), which states "If the Submitting Party is **seeking to file under seal** a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal **must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential** ('the Designating Party')." Civ. L.R. 79-5(e). Defendant's Roe 1's motion stumbles at the threshold because she is *not* seeking to file anything under seal; she is doing the opposite – seeking to file her motions without complying with the Court's "Order Re: Leave To Proceed In This Matter Under A Pseudonym". As conceded in Defendant Roe 1's "Administrative Motion," "This motion is made solely to comply with this Court's

Pseudonym Order and the Local Rules and to avoid prejudice to any right Plaintiff Doe may have to seek to seal any material in the foregoing documents. Roes does not, however, advocate sealing any such documents, and, on the contrary, seeks to vacate this Court's Pseudonym Order". Dkt. 26 at 1:10-14.

4. Even turning to Defendant Roe 1's declaration which must identify the party that has designated the material confidential, Defendant Roe 1 cannot meet that necessary element because Defendant Roe 1 ***failed to meet and confer as required***.

5. Allowing Defendant Roe 1's proposed filings to be filed unredacted would essentially upend this entire lawsuit as it has sought Plaintiff John Doe's privacy and to remedy the breaches of privacy to which he was victimized.

6. Indeed, Defendant Roe 1 served 93 pages worth of documents on Wednesday evening, May 18, 2021, without any prior meet and confer, and clearly knew that the tight window of deadlines in the Civil Local Rule 79-5(e) would create a nearly impossible task for Plaintiff Doe's counsel. Such sharp tactics should not be rewarded.

7. To further prejudice Plaintiff, Defendant Roe 1 mixed dispositive motions with the non-dispositive motion to vacate the Court's "Order Re: Leave To Proceed In This Matter Under A Pseudonym". As this Court has noted the legal standards for dispositive versus non-dispositive motions are different, "The non-dispositive motion context is different. There, 'the usual presumption of the public's right of access is rebutted,' the 'public has less of a need for access to court records attached only to non-dispositive motions,' and the 'public policies that support the right of access to

dispositive motions, and related materials, do not apply with equal force to non-dispositive materials.' *Kamakana*, 447 F.3d at 1179-80 (citations omitted). Therefore, in that context, materials may be sealed so long as the party seeking sealing makes a 'particularized showing' under the 'good cause' standard of Federal Rule of Civil Procedure 26(c)." (*Altera Corp. v. PACT XPP Techs., AG* (N.D.Cal. Aug. 18, 2015, No. 14-cv-02868-JD) 2015 U.S.Dist.LEXIS 109024, at *3.)

8. Although purporting to "avoid prejudice to any right Plaintiff Doe may have", this is really an attempt to undermine the entirety of Plaintiff Doe's lawsuit. The proper course of action here to not prejudice Plaintiff John Doe would have been two-fold: first, the motion to vacate the Court's "Order Re: Leave To Proceed In This Matter Under A Pseudonym" (D.E. 6) should have been filed first, prior to the filing of the other motions in which Defendant Roe 1 seeks to file with the Court the very publications at issue in this lawsuit and the sensitive and confidential information at issue in this lawsuit. Second, if Defendant Roe 1 was successful in having this Court reverse itself despite waiting over six months since she answered (Dkt. 15) to bring this motion to vacate, then in fairness Plaintiff John Doe should be allowed to dismiss his lawsuit as he detrimentally relied on the Court's order in proceeding under a pseudonym; and had the Court initially denied his motion as Defendant Roe 1 now contends it should have, then Plaintiff John Doe would have been entitled to voluntarily dismiss his case under Fed. R. Civ. P. 41(a)(1)(A).

9. I attempted to meet and confer with Mr. Koltun, counsel for Defendant Roe 1, regarding my concerns about his proposed filings to no avail.

10. Defendant Roe 1 seeks to have it both ways – unmask Plaintiff in violation of the Court order without first litigating the order and maintain her anonymous status without Court approval. Notably, Plaintiff has not attempted to unmask Defendant Roe 1 as this case has always been and will be about protecting his privacy, not unmasking those who victimized him.

11. Moreover, using the local rules in this way Defendant Roe 1 seeks to have Plaintiff John Doe file the very filings that he objects to pursuant to the Court's prior order, further prejudicing him.

12. As previously detailed, the reason that Plaintiff John Doe went forward with his lawsuit is that the Court allowed him to proceed under a pseudonym. Otherwise, he would have dismissed the lawsuit to not have to further breach his privacy to remedy his breach of privacy, i.e., "**where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity**." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D.Cal. 1981) (bold added).

13. For the foregoing, Plaintiff John Doe requests that he be allowed to dismiss his lawsuit as to Defendant Roe 1 by Court Order pursuant to Fed. R. Civ. P. 41(a)(2).

14. Should the Court not find the foregoing request for dismissal proper within the meaning of Fed. R. Civ. P. 41(a)(2) before the close of business on May 24, 2021 rendering moot the proposed filings, then Plaintiff Doe will submit a supplemental declaration pursuant to Civ. L.R. 79-5(d)(1)(A) as incorporated by Civ. L.R. 79-5(e)(1) before midnight on May 24, 2021 within the time period prescribed as calculated per Fed. R. Civ. P. 6(a)(1)(C).

15. In Defendant Roe 1's proposed filings, she asserts that she should be allowed to litigate on behalf of Defendant Roes 2-25 and that Defendant Borderland Beat has no corporate status. Accordingly, on the condition precedent that this Court dismisses the action as to Defendant Roe 1, Plaintiff John Doe further dismisses the lawsuit pursuant to Fed. R. Civ. P. 41(a)(1)(A) against Defendant Borderland Beat and Defendant Roes 2-25, thereby mooting the motions. To the extent that Defendant Roe 1 seeks or asserts that her answer, which is silent on such, should be construed to have been an answer on behalf of Defendant Borderland Beat and Defendant Roes 2-25, then Plaintiff John Doe requests the Court order the case dismissed against those Defendants as well.

I declare under penalty of perjury that the foregoing is true and correct. Executed May 23, 2021 in New York, New York.

_____/s_____
Jeffrey L. Mendelman

[PROPOSED] **ORDER**

**IT IS HEREBY ORDERED** that, pursuant to Fed. R. Civ. P. 41(a)(2), the case is dismissed as to Defendant Roe 1. [To the extent that Defendant Roe 1's answer may be construed to be an answer on behalf of Defendant Borderland Beat or Defendant Roes 2-25, then, pursuant to Fed. R. Civ. P. 41(a)(2) the case is dismissed as to Defendant Borderland Beat and Defendant Roes 2-25.]

**IT IS SO ORDERED**.

DATED:

_____
JAMES DONATO
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2021, the foregoing Request for Dismissal Pursuant to Rule 41(a)(2) & Declaration of Plaintiff's Counsel Pursuant to Civ. L.R. 79-5(e)(1) with a proposed order was filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to all counsel who have made an appearance in this action.

Dated: May 23, 2021

_____/s_____
Jeffrey L. Mendelman
Attorney for Plaintiff Doe