REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.

Joshua Koltun (Bar No. 173040)
Attorney
1 Sansome Street
Suite 3500, No. 500
San Francisco, California 94104
Telephone: 415.680.3410
Facsimile: 866.462.5959
joshua@koltunattorney.com

Attorney for Defendant Roe 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

Plaintiff,

v.

BORDERLAND BEAT, BLOGGER.COM, GOOGLE LLC, EL SIGLO DE TORREON, NOVENTO GRADOS, CODIGO ROJO NOTICIAS, INFOBAE, EL MANANA, REPORTE NIVEL UNO, OMNI, VALOR TAMAULIPECO REFORMA, EL NORTE, NOTICIAS PV NAYARIT, VANGUARDIA, and ROES 1-50, INCLUSIVE,

Defendants.

Case No.: 4:20-cv-06822-KAW

DEFENDANT ROE 1's MOTION FOR JUDGMENT ON THE PLEADINGS

Date: June 24, 2021
Time: 10:00 am
Court: Webinar/Zoom
Judge: The Hon. James Donato

*Filed Herewith:*

Declaration of Roe 1
[Proposed] Order

*Filed Concurrently:*
Special Motion to Strike (Anti-SLAPP Motion)
Motion to Vacate Order to Proceed Under Pseudonym

Joshua Koltun ATTORNEY

## *TABLE OF CONTENTS*

MOTION ....... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....... 1

SUMMARY ....... 1

ARGUMENT ....... 2

I. On this motion, this Court may consider the article in Borderland Beat to which the Complaint refers ....... 2

II. The DPPA is not violated unless the defendant "knowingly" obtained a "motor vehicle record" from the DMV; a driver's license is not such a "motor vehicle record." ....... 3

CONCLUSION ....... 4

Joshua Koltun ATTORNEY

# *TABLE OF AUTHORITIES*

## Cases

*Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1259 (9th Cir. 2019)....3
*Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005)....2
*Lyon v. Chase Bank United States, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011)....2
*Maracich v. Spears*, 570 U.S. 48, 57 (2013); ....4
*Pichler v. UNITE*, 228 F.R.D. 230, 241-42 (E.D. Pa. 2005) ....4
*Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 102 (1979....4
*Van Buskirk v. CNN*, 284 F.3d 977, 979-80 (9th Cir. 2002)....2

## Statutes

Drivers Privacy Protection Act, 18 USC § 2721 et seq. ("DPPA")....2, 3

## Rules

Fed. R. Civ. P. 12 (c ) ....2
Fed.R.Civ.P. 12 (b)(6)....2

Joshua Koltun ATTORNEY

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.

## *MOTION*

TO PLAINTIFF JOHN DOE AND HIS COUNSEL OF RECORD: PLEASE TAKE NOTICE that on June 24, 2021 at 10:00 a.m., or as soon thereafter as counsel may be heard, by Zoom/Webinar as indicated on the Court's website or as otherwise ordered by the Court, defendant Roe 1 ("Roe") will move the Court under Federal Rule of Civil Procedure 12(c) for an order granting judgment on the pleadings as to the first cause of action in the Complaint. This motion is based upon the Memorandum of Points and Authorities that follows, on the Declaration of Roe 1 and the Exhibits thereto, all the pleadings, records and files in this case, and on such further material and argument as may be submitted at or before the hearing on this motion.

Roe respectfully seeks an order granting Judgment on the Pleadings as to Roe 1 and all other Defendants putatively liable for the Article in Borderland Beat (Roes 2-25, "Borderland Beat Defendants").

## *MEMORANDUM OF POINTS AND AUTHORITIES*

### *SUMMARY*

Borderland Beat, named as a defendant, is a blog that reports on the activities of Mexican drug cartels; it does not have a corporate identity. Request for Judicial Notice, ¶ 1; Joint Report [D.E. 19] ("Joint Report") at 1:24. The Complaint names Roe 1-25 as persons liable for the conduct of Borderland Beat ("Borderland Beat Defendants."). Complaint, ¶ 9. Defendant/Movant Roe 1 is a person that has some administrative rights concerning that blog. *Id.*

According to the Complaint, "this action arises out of Defendant Borderland Beat's public disclosure of John Doe's driver's license in violation of 18 United States Code section 2724." Complaint, ¶ 1. Specifically, the only relevant paragraph in the Complaint states: "On or about June 23, 2020, Borderland Beat published a true and correct photo of John Doe's California Driver's License without redaction, publishing the driver's license, number, address, sex, height, weight, date of birth and signature of John Doe."

The relevant article from the Borderland Beat is attached to the Declaration of Roe 1 as Exhibit 1. [redacted] See also Joint Rule 26 Report

REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.

Joshua Koltun ATTORNEY

[DE 19] ("Joint Report") at 2:7-9 (stipulated facts). The image is of Doe's driver's license issued in 1990, which expired in 1994. *Id.* at 2:12-14. There is no contention that the address listed on the driver's license is his current address. *Id.*

Doe is seeking $100,000 in punitive damages and another $100,000 in "reasonable attorney's fees. Complaint, Prayer.

This motion deals with the only federal cause of action in this case. All other causes of actions are addressed in Roe's anti-SLAPP motion, filed concurrently.

The legal issue presented on this motion is simple. Doe contends that under the Drivers Privacy Protection Act, 18 USC § 2721 et seq. ("DPPA"), an image of his driver's license is a "motor vehicle record," and therefore that "each publication thereof is a violation of the DPPA, and that [Doe] is entitled to punitive damages." Join Report at 3:18-22. According to Doe, it is "irrelevant to the punitive damages claims where *El Norte* or where MX/Borderland Beat obtained the driver's license, or whether the information on the license is current." *Id.* at 3:21-23.

Doe is mistaken. The Ninth Circuit has squarely ruled to the contrary, as discussed below.

## ***ARGUMENT***

### ***I. On this motion, this Court may consider the article in Borderland Beat to which the Complaint refers***

The standard on a motion for judgment on the pleadings under Rule 12 (c ) is identical to that on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lyon v. Chase Bank United States, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law. Id. In addition to the complaint, the court may consider such material as is incorporated by reference into the complaint. Thus, for example, where plaintiff attaches to the complaint a photograph and caption that it alleges to be defamatory, the Court may consider the web pages that surrounded the photograph as published by the defendant. *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005); *accord Van Buskirk v. CNN*, 284 F.3d 977, 979-80 (9th Cir. 2002) (considering complete transcripts and tapes of interviews that were referenced in defamation complaint).

The Complaint specifically references the June 23, 2020 Borderland Beat article that originally carried the copy of Doe's 1990 drivers' license. Complaint, ¶ 16. The parties do not dispute the authenticity of that article, [REDACTED] [REDACTED]. Joint Report,at 25:14. Consequently it is proper for this Court to consider both of those articles on this motion.

***II. The DPPA is not violated unless the defendant "knowingly" obtained a "motor vehicle record"* from the DMV*; a driver's license is not such a "motor vehicle record."***

The DPPA prohibits a "State department of motor vehicles, and any officer, employee, or contractor thereof," from "knowingly disclos[ing] or otherwise mak[ing] available to any person or entity: personal information … about any individual obtained by the department in connection with a motor vehicle record." 18 USC § 2721. It also prohibits "any person" from "knowingly obtain[ing] or disclos[ing] personal information, from a motor vehicle record, for any use not permitted" under another section of the DPPA. 18 USC § 2722. "Motor vehicle record" is defined as "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 USC § 2725.

Doe's theory is that a driver's license is a "motor vehicle record" under the DPPA. On this theory, it was necessarily a violation of the DPPA for Borderland Beat to publish an image of Doe's (thirty-year-old) driver's license, because, in doing so, it must have known that it was publishing the personal information contained in a "motor vehicle record."

That theory was squarely rejected by the Ninth Circuit, which ruled that a driver's license is ***not*** a "motor vehicle record" under the DPPA. *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1259 (9th Cir. 2019). As the Court explained:

> It is clear, from the legislative history and case law, that Congress was motivated to enact the DPPA by the "growing threat from stalkers and criminals who could acquire personal information ***from state DMVs***," as well as "***the States***' common practice of selling personal information to businesses engaged in direct marketing and solicitation." With this purpose in mind, we interpret § 2721—prohibiting DMVs from "knowingly disclos[ing] . . . personal information," 18 U.S.C. § 2721(a)—as covering one side of the prohibited transaction. Section 2722, by contrast, covers the ***other*** side of that same transaction, by creating liability for the person who "obtain[s] or disclose[s] personal information" from the DMV's records. §



Joshua Koltun ATTORNEY

> 2722(a). A driver's license, though issued by the DMV, becomes the possession of ***an individual***, not the DMV that issued it.

*Id.* at 1259-60 (quoting *Maracich v. Spears*, 570 U.S. 48, 57 (2013); emphasis added by the Ninth Circuit).

There is no allegation here that anyone at Borderland Beat, or for that matter at *El Norte*, obtained any information from an employee of the California DMV. Nor indeed, is there any laim that Borderland Beat disclosed any information that it ***knew*** had been ***knowingly*** obtained from the DMV. Doe's implicit theory of *mens rea*, it is that Borderland Beat knew that what it was publishing was a driver's license. But since that is not enough under the statute, the DPPA claim must necessarily fail. *See Pichler v. UNITE*, 228 F.R.D. 230, 241-42 (E.D. Pa. 2005) ("knowingly" modifies "obtains," "discloses" and "uses").

Indeed, since "state action to punish the publication of truthful information seldom can satisfy constitutional standards," *Smith v. Daily Mail Pub. Co.*, 443 U.S. 97, 102 (1979), any interpretation of the DPPA that penalized publication of driver's licenses (in and of themselves) would run afoul of the First Amendment, particularly where, as here, the information contained therein is 30 years out-of-date.

## ***CONCLUSION***

Since the relevant facts are not in dispute, and since premise of the First Cause of Action has been definitively determined to be erroneous by the Court of Appeal for the Ninth Circuit, and since, under the circumstances, Borderland Beat's publication of this truthful information is protected by the First Amendment, Roe respectfully requests that this Court grant judgment on the pleadings without leave to amend.

Dated: May 19, 2021

\s\
Joshua Koltun
Attorney for Defendant Roe 1



Joshua Koltun ATTORNEY