Joshua Koltun (Bar No. 173040)
Attorney
1 Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com

Attorney for Defendant Roe 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, <br><br>         Plaintiff, <br><br> v. <br><br> BORDERLAND BEAT, BLOGGER.COM, GOOGLE LLC, EL SIGLO DE TORREON, NOVENTO GRADOS, CODIGO ROJO NOTICIAS, INFOBAE, EL MANANA, REPORTE NIVEL UNO, OMNI, VALOR TAMAULIPECO REFORMA, EL NORTE, NOTICIAS PV NAYARIT, VANGUARDIA, and ROES 1-50, INCLUSIVE, <br><br>         Defendants. | Case No.: 4:20-cv-06822-JD <br><br> DEFENDANT ROE 1's MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THIS COURT'S "TERMINATION" OF THE MOTION TO VACATE AS "MOOT" <br><br> Judge:   The Hon. James Donato <br><br> *Filed Herewith:* <br><br> [Proposed] Order |

### *MOTION*

TO PLAINTIFF JOHN DOE AND HIS COUNSEL OF RECORD: PLEASE TAKE NOTICE that defendant Roe 1 ("Roe") hereby request the Court under Federal Rule of Civil Procedure 54(b) and Local Rule 7-9 to place the Motion to Vacate [DE 31 (under seal) back on calendar for hearing, or in the alternative, for leave to file a formal motion to reconsider the decision whereby this Court "terminated" that Motion to Vacate as "moot."

This request is made on the ground that the Pseudonym Order remains in place and is therefore not "moot," and that this Court's "termination" of the motion constituted a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." (L.R. 7-9(a)(3)).

### *MEMORANDUM OF POINTS AND AUTHORITIES*

Borderland Beat, and all remaining defendants in this case, are media entities, against whom Plaintiff Doe has sought monetary and injunctive relief arising from those entities reporting on him. Complaint [DE 1]

Doe sought an order *ex parte*, [DE 3], which this Court [Magistrate Judge Wetmore] granted, [DE 6] that prohibits these media entities from publishing the identity of Doe, the person who has sued them ("Pseudonym Order"). The identity of the person who is suing them is information that was known to the defendants and Borderland Beat from the circumstances; it was not disclosed pursuant to a protective order.

Roe filed a motion to vacate the Pseudonym Order [DE 28 (setting hearing) DE 31 under seal)], arguing that the Pseudonym Order, under the circumstances, constitutes an unconstitutional prior restraint on speech, which Doe obtained in an *ex parte* proceeding, and that this Court had never had an opportunity to consider the full factual record or First Amendment arguments in issuing the Pseudonym Order. DE 31 (under seal) at 9-15 (redacted version at DE 35-5).

The Motion to Vacate was filed concurrently with, and referenced, an Anti-SLAPP motion that argued that the very premise underlying the Pseudonym Order – that defendants had done something "illegal" by publishing information that Doe himself had placed into the public docket of another

court, which information was later sealed by order of that Court –was erroneous.  DE 31 (under seal) at 12-14; [Redacted version at DE 35-9); see also Motion to Vacate at 12.

In response to the Motion to Vacate and the Anti-SLAPP motion, Doe filed a request to dismiss the case against Roes 1-25 (the "Borderland Beat Defendants) without prejudice.  DE 30. This Court on June 1 dismissed the case against the Borderland Beat defendants, and  issued an order that "terminated" the Motion to Vacate as "moot," and cancelled the pending case management conference.

As a result, this Court *never ruled on, or even considered, the merits* of the Motion to Vacate. Indeed, Plaintiff Doe never filed an opposition brief.

But the Motion to Vacate is *not moot*, because the Pseudonym Order remains in effect, and continues to bind Roe.

The undersigned counsel has communicated repeatedly with Doe's counsel who, on the one hand, refuses to stipulate that the Pseudonym Order no longer binds the Borderland Beat defendants, and on the other hand, refuses to stipulate that the Motion to Vacate may be placed back on this Court's calendar.

Under the unusual procedural circumstances, it is not clear that the "leave to file" requirement of Local Rule 7-9 is applicable.   Roe is not necessarily requesting leave to file a separate motion to "**re**consider" the denial of the Motion to Vacate in the conventional sense, because this Court has never "considered" the Motion to Vacate *in the first place.*

Roe respectfully requests simply that this Court place the Motion to Vacate *back on calendar* for a hearing, on such date as would give Doe sufficient time to draft an opposition thereto under Local Rules 7-2 and 7-3.

Alternatively, Roe respectfully asks leave to file a formal motion to reconsider this Court's "termination" of the Motion to Vacate.

Dated:  June 23, 2021                                                   \_\_\_\_\_\s\_____
                                                                                        Joshua Koltun
                                                                                        Attorney for Defendant Roe 1