UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>BORDERLAND BEAT, et al.,<br><br>    Defendants. | Case No. 20-cv-06822-JD<br><br>**ORDER RE ATTORNEY'S FEES AND RECONSIDERATION REQUESTS**<br><br>Re: Dkt. Nos. 37, 38 |

Plaintiff John Doe, who was granted leave to proceed under a pseudonym, Dkt. No. 6, voluntarily dismissed all of the defendants in this action, including fictitious defendants Roes 1-50. *See* Dkt. Nos. 10, 36, 43. The case was active for only 10 months between the filing of the complaint in September 2020 and the last round of dismissals in July 2021. Very little happened in the way of litigation during that time. The Court terminated the case in July 2021.

While this would seem to have been the end of the matter, a defendant known as Roe 1 filed a motion for attorney's fees, and a motion "for leave to file a formal motion to reconsider" the pseudonym order. Dkt. Nos. 37 (attorney's fees), 38 (reconsideration). The parties' familiarity with the record is assumed, and the motions are denied.

Before reaching the motions, Roe 1's right to proceed under a pseudonym must be addressed. Roe 1 never requested or received the Court's permission to keep its identity secret. We have a strong tradition of transparent litigation in our federal courts. As our circuit court has recognized, the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (2000) (citations omitted). Roe 1 has not demonstrated any "special circumstances" that might

1    justify hiding its identity, or shown that a disclosure would subject it to physical or mental harm,
2    reveal highly sensitive personal information, or be tantamount to confessing to a crime. *Id*. at
3    1067-68. Roe 1 simply arrogated to itself an exception to the rule of party transparency in federal
4    court. This will not do. Roe 1 is directed to file by May 2, 2022, a statement identifying itself, or
5    a request to proceed pseudonymously that complies with governing standards.

6         The request to reconsider the termination of the motion to vacate the order granting Doe
7    pseudonym status is denied. The Court terminated the motion after Doe dismissed all of the
8    claims against defendants Borderline Beat and Roes 1-25, which put an end to the case against
9    Roe 1. Dkt. No. 36. Roe 1 has not demonstrated that any circumstance warranting
10   reconsideration is present. *See* Civil Local Rule 7-9(b). There is no good reason to revisit the
11   motion to vacate.

12        The request for attorney's fees is also denied. As Roe 1 acknowledges, the only possible
13   basis for an award of attorney's fees is in connection with the anti-SLAPP motion under California
14   Code of Civil Procedure Section 425.16(c). *See* Dkt. No. 37 at 5-6. A good argument can be
15   made that the Court need not decide the fees request on jurisdictional grounds. Doe dismissed the
16   single federal claim in the complaint, which was the sole basis of the Court's subject matter
17   jurisdiction, *see* Dkt. No. 1 ¶ 3, and the Court declines to exercise supplemental jurisdiction over
18   the state law claims. This eliminates a need to take up Roe 1's fees request, as our circuit
19   concluded in an instructive, albeit non-binding, unpublished decision. *See McMillan v. Chaker*,
20   791 F. App'x 666, 667 (9th Cir. 2020) (unpublished); *see also DeHoog v. Anheuser-Busch InBev*,
21   899 F.3d 758, 764 n.7 (9th Cir. 2018) (unpublished circuit decisions instructive). A number of
22   district courts have declined to consider fees motions for this reason. *See Williams v. Kula*, Case
23   No. 20-cv-1120, 2020 WL 7770915, at *7 (S.D. Cal. Dec. 29, 2020) (collecting cases).

24        Even so, this case involves the slight wrinkle of a voluntary dismissal by the plaintiff,
25   which benefits from further discussion. Under California law, the dismissal did not necessarily
26   moot the question of attorney's fees. *See Coltrain v. Shewalter*, 66 Cal. App. 4th 94, 107 (1998)
27   ("where the plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike
28   is pending, the trial court has discretion to determine whether the defendant is the prevailing party

United States District Court
Northern District of California

for purposes of attorney's fees under Code of Civil Procedure section 425.16, subdivision (c)"). Some district courts have construed California law to allow retention of jurisdiction for the limited purpose of determining a fees award after a voluntary dismissal. *See, e.g., Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1040 (S.D. Cal. 2017). In this situation, the court conducts a merits review solely with respect to whether the defendant who filed the anti-SLAPP motion is a "prevailing party" within the meaning of Code of Civil Procedure Section 425.16(c). *Id*.

For present purposes, the Court will assume without deciding that this approach is consonant with California law. The Court also assumes, without deciding, that *Coltrain* provides the guidance a California state court would consider to determine who the prevailing party is after a plaintiff's voluntary dismissal. *See id*. at 1043 (noting a split in California case law on this point). Roe 1 relied on *Coltrain*, *see* Dkt. No. 37 at 6, and Doe did not object.

Roe 1 cannot be deemed a prevailing defendant for attorney's fees purposes. *Coltrain* states that a voluntary dismissal while an anti-SLAPP motion is pending creates a rebuttal presumption in defendant's favor. *Coltrain*, 66 Cal. App. 4th at 107. A plaintiff may rebut the presumption by demonstrating that the dismissal was based on a settlement or similar outcome, a defendant's insolvency, "or for other reasons unrelated to the probability of success on the merits." *Id*.

That is the situation here. The record does not establish that Roe 1 achieved a dismissal on the basis of the anti-SLAPP motion. Doe's counsel filed a declaration stating that the dismissal was made purely in response to Roe 1's effort to force a public disclosure of Doe's identity by seeking to vacate the order permitting Doe to proceed under a pseudonym. *See* Dkt. No. 30; *see also* Dkt. No. 29 (motion to vacate). No other reason was given for the dismissal, and certainly none related to the merits of the anti-SLAPP motion. Roe 1 has not proffered a lick of evidence to the contrary, or demonstrated that the dismissal was the product of anything other than Doe's desire to protect his or her anonymity. This stands in stark contrast to cases where the presumption in defendant's favor was determinative because the plaintiff did not explain why the case was dismissed while the motion was pending. *See, e.g., Gottesman*, 263 F. Supp. 3d at 1043.

3

1    In addition, Roe 1 was not likely to prevail on the anti-SLAPP motion. "California's anti-
2    SLAPP statute is designed to discourage suits that 'masquerade as ordinary lawsuits but are
3    brought to deter common citizens from exercising their political or legal rights or to punish them
4    for doing so.'" *Sarver v. Chartier*, 813 F.3d 891, 901 (9th Cir. 2016) (quoting *In re NCAA Student
5    Athlete Name & Likeness Licensing Litig.,* 724 F.3d 1268, 1272 (9th Cir. 2013)). To succeed on
6    the anti-SLAPP motion, Roe 1 was required to show that "'the act or acts of which the plaintiff
7    complains were taken in furtherance of [Roe 1's] right of petition or free speech under the United
8    States or California Constitution in connection with a public issue.'" *Id*. (quoting *Hilton v.
9    Hallmark Cards,* 599 F.3d 894, 903 (9th Cir. 2010). "Public issue" is broadly construed "in light
10   of the statute's stated purpose to encourage participation in matters of public importance or
11   consequence." *Hilton,* 599 F.3d at 906 (quoting Cal. Civ. Proc. Code § 425.16(e)(4)). Our circuit
12   has followed California courts to identify "three categories of public issues: (1) statements
13   'concern[ing] a person or entity in the public eye'; (2) 'conduct that could directly affect a large
14   number of people beyond the direct participants'; (3) 'or a topic of widespread, public interest.'"
15   *Sarver*, 813 F.3d at 901 (citations omitted). Put more plainly, public interest is not a matter of
16   "mere curiosity" but "something of concern to a substantial number of people." *Id*. (quoting
17   *Weinberg v. Feisel,* 110 Cal.App.4th 1122, 1132 (2003)). A "person cannot turn otherwise private
18   information into a matter of public interest simply by communicating it to a large number of
19   people." *Id*. (citation omitted).
20   These principles cast substantial doubt on the merits of Roe 1's anti-SLAPP motion.
21   Doe's complaint was based solely on the allegation that defendants unlawfully obtained and
22   published a photo of his California driver's license, thereby revealing his personal information. In
23   a sealed brief filed by Roe 1, Dkt. No. 31-5, this is said to have been done in connection with
24   alleged international drug trafficking into the United States. Although the Court has no doubt that
25   drug trafficking is a serious matter of public concern, the publication of a copy of Doe's driver's
26   license is another matter altogether. That was not an item of public interest, and Congress said as
27   much by creating a private right action for such a disclosure. *See* 18 U.S.C. § 2724(a). When a
28   defendant fails to show that a lawsuit involves a matter of public concern, "California's anti-

4

1  SLAPP provisions are inapplicable on their face." *Sarver*, 813 F.3d. at 901.

2      Consequently, the fees request is denied. Doe's other objections to it need not be

3  considered.

4      **IT IS SO ORDERED.**

5  Dated: April 19, 2022

_____

JAMES DONATO
United States District Judge