Joshua Koltun (Bar No. 173040)
Attorney
1 Sansome Street
Suite 3500, No. 500
San Francisco, California  94104
Telephone:  415.680.3410
Facsimile:  866.462.5959
joshua@koltunattorney.com

Attorney for Defendant Roe 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>          Plaintiff,<br><br>     v.<br><br>BORDERLAND BEAT, BLOGGER.COM, GOOGLE LLC, EL SIGLO DE TORREON, NOVENTO GRADOS, CODIGO ROJO NOTICIAS, INFOBAE, EL MANANA, REPORTE NIVEL UNO, OMNI, VALOR TAMAULIPECO REFORMA, EL NORTE, NOTICIAS PV NAYARIT, VANGUARDIA, and ROES 1-50, INCLUSIVE,<br><br>          Defendants. | Case No.: 4:20-cv-06822-JD<br><br>DEFENDANT ROE 1's REQUEST TO MAINTAIN ANONYMITY<br><br>Date:   June 16, 2022<br>Time:   10:00 am<br>Court:  11<br>Judge:  The Hon. James Donato<br><br>*Filed Herewith:*<br><br>[Proposed] Order |

## TABLE OF CONTENTS

MOTION .............. 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

INTRODUCTION AND BACKGROUND ...........................................................................................1

ARGUMENT ...........................................................................................................................................3

I.    A plaintiff suing an anonymous speaker has a heavy burden to overcome that defendant's First Amendment right to maintain her anonymity ....................................................................3

    A. Procedurally, a plaintiff suing an anonymous speaker must file a motion for discovery in order to learn the Doe defendant's identity .................................................................3

    B. Substantively, a plaintiff seeking discovery of the identity of an anonymous speaker defendant must, first, show by admissible evidence that it has a prima facie case on at least one cause of action ........................................................................................................5

    C. If plaintiff makes a prima facie showing in support of one of his causes of action, he must then show that his need to learn the identity of the defendant outweighs the harms that defendant will suffer if her identity is disclosed ..................................................6

II.    Here, plaintiff Doe failed to meet his procedural or substantive burdens, and thus defendant Roe should not be stripped of her anonymity ........................................................6

    A. Since plaintiff failed to seek discovery of defendant's identity, there is no need to reach the issue whether he met his substantive burden to discover it .................................................6

    B. In any event, plaintiff could not meet his substantive burden, because he failed to present prima facie evidence on his claims ......................................................................6

    C. Nor can plaintiff show that he has any need to learn defendants' identity that outweighs defendant's interest in maintaining anonymity ......................................................7

Conclusion ...............................................................................................................................................8

## *TABLE OF AUTHORITIES*

**Cases**

*Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1259(9th Cir. 2019);..................................................7

*Art of Living Found. v. Does*, No. 10-CV-05022-LHK, 2011 U.S. Dist. LEXIS 129836, at *11-13 (N.D. Cal. Nov. 9, 2011)...................................................................................................4, 6, 7, 8

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (2000)...................................passim

*Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005)...............................4, 5, 6

*In re Anonymous Online Speakers*, 661 F.3d 1168, 1175-76 (9th Cir. 2011) ....................................3, 4

*In re Noa Co.,* No. 19-mc-80280-LB, 2019 U.S. Dist. LEXIS 204506, at *3-4 (N.D. Cal. Nov. 24, 2019) ............................................................................................................................................5

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) ..............................................................4

*Music Grp. Macao Commer. Offshore Ltd. v. Doe*, No. 14-mc-80328 LB, 2015 U.S. Dist. LEXIS 1146, at *10-11 (N.D. Cal. Jan. 6, 2015)....................................................................................5

*NAACP v. Alabama*, 357 U.S. 449, 463, (1958)......................................................................................4

*Perry v. Schwartzenegger,* 591 F.3d , 1147, 1164 (9th Circuit 2010)......................................................4

*Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 960 (E.D. Mich. 2018) ...........................6, 7

Joshua Koltun ATTORNEY

## *MOTION*

TO PLAINTIFF JOHN DOE AND HIS COUNSEL OF RECORD: PLEASE TAKE NOTICE that on June 16, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard, , defendant Roe 1 ("Roe") will move the Court to maintain her anonymity. This motion is in reference to this Court's direction, in its Order re Attorney's Fees and Reconsideration Requests (Docket Entry ("DE") 45)("April 19 Order"), that "Roe … file by May 2, 20022, a statement identifying itself, or a request to proceed pseudonymously that complies with governing standards." *Id*. at 2:3-5. This motion is based upon the Memorandum of Points and Authorities that follows and on all the pleadings, records and files in this case, and on such further material and argument as may be submitted at or before the hearing on this motion.

Roe respectfully seeks a ruling from this Court that Roe retain her anonymity.[1] .

## *MEMORANDUM OF POINTS AND AUTHORITIES*

## *INTRODUCTION AND BACKGROUND*

Plaintiff "Doe" filed the complaint in this action, naming as defendants Borderland Beat, numerous Spanish language newspapers, and fifty "Roe" defendants associated either with Borderland Beat or with the newspapers. Complaint, DE 1. The complaint contained one federal cause of action, and several state law causes of action. *Id.*

Doe is an individual now residing in this judicial district. Rule 26(f) Report, DE 19, at 1 (stipulated facts).[2] Borderland Beat, named as a defendant, is a blog that reports on the activities of Mexican drug cartels. *Id.* It does not have any corporate entity. *Id.* Persons who post articles on the blog do so anonymously using pseudonyms. *Id.* Defendant Roe 1 is a person that has some administrative rights concerning the blog. *Id.*

---

[1] This ruling is sought by motion, solely because of this Court's direction, and without waiving the argument herein, that under the governing standards, the procedural burden was on plaintiff Doe to seek discovery of defendant Roe's identity, which opportunity has now passed.

[2] The facts as described here were undisputed. Relevant detail and corroborating evidence, particularly concerning the identity of Doe and the reasons why he was in federal prison, are under seal, as attachments to the Koltun and Roe declaration filed with the Roe's motions. DE 32-14, 32-15, 32-17, 32-18.

- 1 -

In August 2019, Doe, acting *pro se,* filed a document in a federal court (not this Court), which document was placed in the public docket of that court. *Id.* at 2. In April 2020, Doe was released from federal prison. In June 2020, the named defendants (other than Borderland Beat), all published articles (including on the internet) concerning Doe, which articles, among other things, included information that was contained in the document that Doe had filed in court. Shortly thereafter, Borderland Beat published an article that summarized, in English, the information in the Spanish-language newspapers. [3] The causes of action arose from the publication of these articles.

Having learned of the lawsuit in her administrative capacity at Borderland Beat, Roe filed an answer to the complaint as "Roe 1." Answer, ED 15. Counsel for plaintiff and defendant then met and conferred on the issues in the case. In the joint Rule 26(f) Report to this Court, Roe's counsel informed the Court that she intended to file early dispositive motions and, in the event that plaintiff sought to learn the identity of herself or any of the anonymous contributors to Borderland Beat, a motion to quash. Rule 26(f) Report, DE 19, 5:10-14, 8:18-21.

Thereafter, Roe filed a motion for judgment on the pleadings, to dispose of the federal claim, (DE 27, DE 32-8), and an Anti-SLAPP motion, to dispose of the state law causes of action. DE 28, DE 32-10). A few days later, rather than oppose either motion, Doe dismissed the causes of action against Roe 1. (DE 30).

Subsequently, this Court issued the April 19 Order, which denied two pending motions by Roe 1 that are not at issue here. DE 45. The Court, in that order, also addressed Roe 1's "right to proceed under a pseudonym." *Id.* at 1. The Court commented, and directed, as follows:

> Roe 1 never requested or received the Court's permission to keep its identity secret.We have a strong tradition of transparent litigation in our federal courts. As our circuit court has recognized, the "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (2000) (citations omitted). Roe 1 has not demonstrated any "special circumstances" that might justify hiding its identity, or shown that a disclosure would subject it to physical or mental harm, reveal highly sensitive personal information, or be tantamount to confessing to a crime. *Id.* at 1067-68. Roe 1 simply arrogated to itself an exception to the rule of party

---

[3] In addition, the Borderland Beat article contained an image of Doe's driver's license, which was cut-and-pasted from an article that defendant *El Norte* had published in 2003. *Id.,* Koltun Declaration (under seal) ¶2 & Exh. 2.

transparency in federal court. This will not do. Roe 1 is directed to file by May 2, 2022, a statement identifying itself, or a request to proceed pseudonymously that complies with governing standards.

*Id.*

Roe respectfully urges that this Court's criticism of her is misplaced. As explained in the memorandum that follows, *Advanced Textile* (and similar cases in other circuits) set forth the standards for a ***plaintiff*** to seek a judicial remedy from the Court without publicly disclosing his identity. A different set of standards applies when a plaintiff sues an anonymous speaker in a so-called "Doe" action. In such cases, it is the plaintiff's procedural burden to seek discovery of the anonymous defendant's identity, and, his substantive burden to show that his need to learn the speaker's identity outweighs the harm that would be caused her by disclosing that identity.

Roe respectfully submits that she did nothing wrong – indeed followed the universally accepted practice -- by filing her papers as "Roe" without seeking permission from the Court. Since plaintiff failed to seek discovery of her identity, let alone make the substantive showing that would be required in order to obtain such discovery, she should not be stripped of her anonymity.

## *ARGUMENT*

### I.  *A plaintiff suing an anonymous speaker has a heavy burden to overcome that defendant's First Amendment right to maintain her anonymity*

#### A.  *Procedurally, a plaintiff suing an anonymous speaker must file a motion for discovery in order to learn the Doe defendant's identity*

A ***plaintiff*** seeking to proceed with his claims anonymously must obtain permission from the Court in order to do so. *Advanced Textile*, 214 F.3d at 1062 ("This case requires us to decide whether the named plaintiffs in a …, collective action may, in the caption of their complaint, use pseudonyms in place of their true names."); *id* at 1068 ("Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations")

This standard does ***not*** apply to an anonymous speaker who has been sued in a so-called "Doe" action. (*See* Motion to Vacate, DE 32-4, at 7 n.5). In such Doe actions, the procedural burden is on the plaintiff to seek discovery of Doe's identity. *See, e.g., In re Anonymous Online Speakers*, 661 F.3d 1168, 1175-76 (9th Cir. 2011) (reviewing caselaw involving anonymous speakers; noting

that matter presents a "discovery dispute," and that "the initial burden rests on the party seeking discovery and requires varying degrees of proof of the underlying claim," also noting that in an analogous circumstance plaintiffs were required to "demonstrate[ ] an interest in obtaining the disclosures . . . which is sufficient to justify the deterrent effect . . . on the free exercise . . . of [the] constitutionally protected right of association.") (citing *Perry v. Schwartzenegger,* 591 F.3d , 1147, 1164 (9th Circuit 2010) and *NAACP v. Alabama*, 357 U.S. 449, 463, (1958))[4]; *Art of Living Found. v. Does*, No. 10-CV-05022-LHK, 2011 U.S. Dist. LEXIS 129836, at *11-13 (N.D. Cal. Nov. 9, 2011); *Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2005); *see also In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 887 (N.D. Cal. 2020).

(The substantive burden on plaintiff is discussed in the next two sections).

There is good reason for the differential treatment of plaintiffs seeking to proceed anonymously and anonymous defendants. A plaintiff seeking to proceed on its claims anonymously is voluntarily seeking to use the judicial system to obtain a remedy for himself, and consequently, has to meet the burden of overcoming the public's right of access to judicial proceedings. By contrast, the anonymous defendant is not seeking any remedy from the judicial system. On the contrary, she has been involuntarily haled into court, generally because of something she published on the internet. Such anonymous internet speech is protected by the First Amendment. *Art of Living,* at *9 (citing *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995)). As a consequence, plaintiff has the burden of showing that his interest in learning the identity of the speaker outweighs the speaker's First Amendment right to anonymity. *Art of Living* at *19-21, *26-28.

In many cases discovery of the Doe defendant's identity is sought in advance of serving the defendant, in which case the Doe may specially appear on a motion to quash the subpoena. *See, Highfields,* 385 F. Supp. 2d at 970. Alternatively, the defendant may waive service and appear anonymously to defend the action. *See, e.g. Art of Living,* 2011 U.S. Dist. LEXIS 129836 at *29-30. In neither event is the defendant required to make some preliminary showing before being permitted

---

[4] The court in *Anonymous Online Speakers* did not cite *Advanced Textiles* as a relevant precedent.

to appear anonymously.  On the contrary, having been sued as a "Doe," she simply files her papers as a "Doe," without disclosing her identity.

If the plaintiff seeks discovery of the Doe defendant's identity, the Court then determines whether plaintiff has made a sufficient substantive showing to justify discovery of her identity. Indeed, even in the absence of a motion to quash, where the plaintiff is seeking to enforce a subpoena *ex parte,* the Court will determine preliminarily whether the plaintiff has met the necessary burden to discover the identity of an anonymous speaker.  *See, e.g.,* I*n re Noa Co.,* No. 19-mc-80280-LB, 2019 U.S. Dist. LEXIS 204506, at *3-4 (N.D. Cal. Nov. 24, 2019); *Kechara House Buddhist Ass'n Malay. v. Doe*, No. 15-cv-00332-DMR, 2015 U.S. Dist. LEXIS 126124, at *19-20 (N.D. Cal. Sep. 18, 2015). Moreover, where plaintiff has proceeded *ex parte,* or where the discovery was opposed by a third party (such as an internet service providers or social media company) rather than by the Doe speaker herself, the Court will require that the service provider serve notice on the Doe defendant so as to give her an opportunity to file a motion to quash and assert her First Amendment rights directly.  *See, e.g., Music Grp. Macao Commer. Offshore Ltd. v. Doe*, No. 14-mc-80328 LB, 2015 U.S. Dist. LEXIS 1146, at *10-11 (N.D. Cal. Jan. 6, 2015).

### B. *Substantively, a plaintiff seeking discovery of the identity of an anonymous speaker defendant must, first, show by admissible evidence that it has a prima facie case on at least one cause of action*

Where the plaintiff has sought discovery of the anonymous speaker's identity, courts will generally require plaintiff, first, to make a *prima facie* showing, based on competent evidence, on at least one of his causes of action, before allowing discovery of the Doe's identity.  *Art of Living*, 2011 US Dist. Lexis 129836 at *12 (citing *Highfields,* 385 F. Supp. 2d at 980); *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d at 882-83 (quashing subpoena for defendant's identity on the grounds that, since defendant's putative infringement was fair use, plaintiff had failed to make a prima facie showing of copyright infringement).

> **C.     If plaintiff makes a prima facie *showing in support of one of his causes of action, he must then show that his need to learn the identity of the defendant outweighs the harms that defendant will suffer if her identity is disclosed***

If, and only if, plaintiff makes that *prima facie* showing on any cause of action, the court must then balance "the magnitude of the harms that would be caused to the competing interests by a ruling in favor of plaintiff and by a ruling in favor of defendant." *Art of Living* 2011 U.S. Dist. LEXIS 129836, at *12-13 (quoting *Highfields*, 385 F. Supp. 2d at 980); *see also id.* 385 F. Supp. 2d 969, 972 (N.D. Cal. 2004) (thoughtful discussion of two-prong test by Magistrate Judge).  Where (as here), the Doe defendant has generally appeared, i.e. to defend the action and not just to move to quash the subpoena, this burden includes the requirement that the plaintiff demonstrate that he has a need to learn the Doe's identity at the present stage of the litigation. *Art of Living,* 2011 U.S. Dist. LEXIS 129836, at *30; *accord Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 960 (E.D. Mich. 2018) (where Doe defendant appeared to defend copyright action, and plaintiff obtained a declaratory judgement but no monetary award or ongoing injunctive relief, plaintiff had failed to show a need to discover Doe defendant's identity).

## II.    *Here, plaintiff Doe failed to meet his procedural or substantive burdens, and thus defendant Roe should not be stripped of her anonymity*

> **A.    *Since plaintiff failed to seek discovery of defendant's identity, there is no need to reach the issue whether he met his substantive burden to discover it***

Here, as is the universal practice in such cases, the defendant filed her papers under the pseudonym with which she was identified in the complaint, in this case, "Roe."  There was no pending subpoena for her identity, so she did not file a motion to quash.  Like the defendants in *Art of Living* and *Signature Management Team,* she filed a general rather than a special appearance, so as to defend the substantive action.  At no point did plaintiff seek discovery of her identity.  Having dismissed his complaint, the opportunity to do so has passed.

> **B.    *In any event, plaintiff could not meet his substantive burden, because he failed to present prima facie evidence on his claims***

Roe sought a ruling that, as a matter of law, Plaintiff's causes of action had no merit.  Motion for Judgment on the Pleadings, DE 27, DE 32-8) (federal claim), Anti-SLAPP Motion, DE 28, DE 32-

*Joshua Koltun* ATTORNEY

10 (state law claims).  Far from attempting to make a *prima facie* showing, or even a showing that he had stated a claim,[5] plaintiff immediately responded by dropping all of his causes of action.

The *prima facie* requirement is particularly appropriate where, as here, the anonymous speech addressed "public issues" such as "legislative and governmental activities," here: the release of plaintiff, a federal prisoner, into the local community.  *Art of Living* 2011 U.S. Dist. LEXIS 129836, at *17.  Since plaintiff made no effort to present a *prima facie* case, the Court need go no further.

### C. *Nor can plaintiff show that he has any need to learn defendants' identity that outweighs defendant's interest in maintaining anonymity*

Assuming *arguendo* that this Court should consider the balancing of harms, that balance tips decisively in favor of defendant.

On the one hand, plaintiff can hardly show that he suffers any harm from Roe continuing to maintain her anonymity, since he has dismissed all of his causes of action.  *Art of Living,* 2011 U.S. Dist. LEXIS 129836, at *30; *Signature Mgmt. Team*, 323 F. Supp. 3d at 959.

On the other hand, defendant would suffer considerable harm if she were stripped of her anonymity.  As a general matter, disclosure of an anonymous speaker's identity is itself an irreparable harm that will tend to chill free expression.  *Id.* at *26-28.  Moreover, in the specific circumstances of this case, there can be no dispute that the anonymous contributors to Borderland Beat, focused, as it is, exclusively on the activities of Mexican drug cartel, have chosen their anonymity precisely out of a reasonable concern that identifying them would pose a serious risk that they might be killed.  Roe Decl., (DE 32-17-18)  ¶ 4 & Exhs. 7 to 11.[6]  It is difficult to imagine a stronger case for a reasonable fear of serious harm if the speaker's identity were exposed.

---

[5]  Plaintiff's federal cause of action was premised on the legal contention that his Drivers' License is a "motor vehicle record" under the terms of the Driver's Privacy Protection Act, and that it was irrelevant that Borderland Beat had not obtained that driver's license from the DMV.  Rule 26(f) Report (DE 19) at 3.  That legal theory has been definitively rejected by the Ninth Circuit.  *Andrews v. Sirius XM Radio Inc.*, 932 F.3d 1253, 1259(9th Cir. 2019); Motion for Judgment on the Pleadings, DE 32-7, at 3.

[6] Relevant portions of the Roe Declaration are under seal.  The reports of the Committee to Protect Journalists concerning the dangers to those reporting on Mexican cartel activities are publicly available, and it appears from the notation "The following Exhibits are not challenged," that plaintiff did not intend for them to be sealed.  Relevant Committee to Protect Journalists Reports can be found

Indeed, the same result would be reached if this Court applied the balancing test of *Advanced Textile,* which requires a similar balancing of harms. Surely the risk of death to the anonymous contributors of Borderland Beat is sufficient to meet the *Advance Textiles* requirement of "retaliatory physical or mental harm." *Id.,* 214 Fl.3d at 1068. Moreover, just as in *Art of Living,* the Court in *Advanced Textiles* requires that the Court consider what the "precise prejudice" anonymity would pose to the other party "at each stage of the proceedings … and whether proceedings may be structured so as to mitigate that prejudice." *Id.*; *compare Art of Living,* 2011 U.S. Dist. Lexis 129836 at *30.

Here, the "precise" prejudice to plaintiff of maintaining defendant's anonymity is zero, and since the risk of harm to people anonymously reporting on Mexican cartel activities is very great, the balance of harms tips decisively against this Court stripping Roe of her anonymity.[7]

### *Conclusion*

Plaintiff having failed to seek discovery of Roe's identity, and having in any event failed to show that he has any need to learn Roe's identity, let alone one that would outweigh the harm to Roe's First Amendment interests in retaining her anonymity, Roe 1 respectfully requests that this Court decline to strip her of her anonymity.

Dated: May 2, 2022

\_\_\_\_\_\\s\\_____
Joshua Koltun
Attorney for Defendant Roe 1

---

at: https://cpj.org/2020/10/despite-convictions-justice-for-murdered-journalists-in-mexico-remains-abstract/; https://cpj.org/reports/2020/10/global-impunity-index-journalist-murders/; https://cpj.org/americas/mexico/; https://cpj.org/reports/americas/mexico/; https://cpj.org/blog/americas/mexico/; https://cpj.org/data/killed/americas/mexico .

[7] If this Court were barred from determining the attorney fee motion on jurisdictional grounds, (DE 45 at 2) it would seem that the Court also lacks jurisdiction to now strip defendant of her anonymity. But, as the parties stipulated, this Court had subject matter jurisdiction over the state law claims because of the diversity of the parties. Rule 26(f) Report (DE 19) at 2:6-9, 17-18.